

**ANDERSON, BOWMAN WALLSHEIN PLLC**

| *New York City* | *Long Island* |
| 80-02 Kew Gardens Rd. | 35 Pinelawn Road |
| Suite 600 | Suite 106E |
| Kew Gardens, NY 11415 | Melville, NY 11747 |
| (718) 263-6800 | (631) 824-6555 |

**Mark Anderson, Esq. • Dustin Bowman, Esq. • Charles Wallshein, Esq.**
Btzalel Hirschhorn, Esq. • Matthew J. Routh, Esq. • Nicholas Neocleous, Esq. • Kimberly Wroblewski, Esq.

June 9, 2025

<u>VIA ECF</u>
Judge Hector Gonzalez, U.S.D.J.
U.S. District Court – Eastern District of New York
225 Cadman Plaza E
Brooklyn, NY, 11201

   Re: *Richard Ruiz v. State of New York Mortgage Agency, et al.,*
      *Civil Action No.: 1:25-cv-01837-HG*

Dear Judge Gonzalez:

  Our firm represents Plaintiff Richard Ruiz ("Plaintiff") in the above-referenced action. Plaintiff submits this letter in response to M&T Bank Corporation's[1] pre-motion letter dated June 3, 2025, which requests a pre-motion conference in advance of M&T Bank Corporation's anticipated motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff also intends to file an amended complaint pursuant to Rule 15(a)(1), which will clarify that 1) equitable estoppel applies to all claims, 2) remove placeholder defendants previously identified as "John and Jane Doe," and 3) correct minor grammatical and stylistic issues. These amendments do not alter the core factual allegations or legal theories.

  M&T Bank Corporation's proposed motion would be an inappropriate vehicle for dismissal at this stage. The Complaint alleges *post hoc* fraudulent concealment that tolls applicable statutes of limitations and defeats M&T Bank Corporation's other affirmative defenses. If the Complaint's allegations are taken as true, M&T Bank Corporation's motion will fail. Conspicuously absent from M&T Bank Corporation's letter is any denial that the systematic overcharges alleged in the Complaint occurred. Yet M&T Bank Corporation expects dismissal based on affirmative defenses rather than Plaintiff's failure to state a claim.

### I. <u>M&T Bank Corporation's Statute of Limitations Defense Fails and Is Premature</u>

  M&T Bank Corporation's statute of limitations defense fails because it ignores the inherently self-concealing nature of the averred fraudulent conduct. These arguments are premature and cannot serve as a basis for dismissal where central factual issues, including when the fraud could reasonably have been discovered, require extensive discovery.

---

[1] N.Y. Dep't of State, Div. of Corps., Entity Information for M&T Bank Corporation, DOS ID 284484, https://apps.dos.ny.gov/publicInquiry/EntityDisplay (last visited June 3, 2025).

First, even if Plaintiff's claims are facially untimely, which they are not, the doctrine of equitable tolling applies because M&T Bank Corporation is alleged to have engaged in inherently self-concealing fraud. *See Toohey v. Portfolio Recovery Assocs., LLC*, 2016 WL 4473016, at *6 (S.D.N.Y. 2016); *see also State of N.Y. v. Hendrickson Bros, Inc.*, 840 F.2d 1065, 1083 (2d Cir. 1987). The Second Circuit has held that "it is generally improper to dismiss a complaint as untimely... because 'equitable tolling often raises fact-specific issues premature for resolution on a Rule 12(b)(6) motion, before a plaintiff can develop the factual record.'" *Saint-Jean v. Emigrant Mortg. Co.*, 129 F.4th 124, 142 (2d Cir. 2025). Until Plaintiff obtains documentation from related actions and compiles comparative analyses, specific facts relating to the scope and timing of M&T Bank Corporation's malfeasance remain unknown.

Second, M&T Bank Corporation's contentions that the referee's report "revealed the Defendants' fraudulent scheme" and that Plaintiff failed to exercise due diligence are misplaced. The *post hoc* concealment scheme made due diligence impossible because Plaintiff had no reason to investigate what appeared to be legitimate court proceedings and facially valid court documents. M&T Bank Corporation's citations to *Rotkiske v. Klemm* and *Wender v. Gilberg Agency* are inapposite because they do not address inherently self-concealing fraud situations where equitable tolling applies. The fraud statute of limitations began when Plaintiff had notice the fraudulent act occurred. *Myer v. Seidel*, 89 F.4th 117 (2d Cir. 2023). Nothing in the record affords M&T Bank Corporation any presumption of when fraud was or could have been discovered. Therefore, a motion to dismiss prior to discovery is unwarranted.

## II. M&T Bank Corporation's Rooker-Feldman and Preclusion Arguments Fail

M&T Bank Corporation's Rooker-Feldman challenge fails because M&T Bank Corporation was not a party to the state court judgment and Plaintiff alleges injury caused by M&T Bank Corporation's fraudulent conduct, not by the judgment itself. The Second Circuit explicitly held that Rooker-Feldman "does not affect a federal court's jurisdiction over claims for damages against third parties for alleged misconduct occurring in the course of a state court proceeding." *Hansen v. Miller*, 52 F.4th 96, 100 (2d Cir. 2022); *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014). Plaintiff's claims against M&T Bank Corporation for systematic participation in deceptive interest calculations require review of M&T Bank Corporation's servicer conduct, not the foreclosure judgment itself.

M&T Bank Corporation's collateral estoppel arguments are similarly misplaced because they conflate distinct legal proceedings, treating fraud claims against a third-party servicer as indistinguishable from the underlying foreclosure action. The fraud claims are discrete from the foreclosure action; Plaintiff seeks damages for M&T Bank Corporation's deceptive conduct, not to challenge the judgment of foreclosure and sale. *Michelo v. Nat'l Collegiate Student Loan Trust 2007-2*, 419 F. Supp. 3d 668 (S.D.N.Y. 2019).

## III. M&T Bank Corporation Mischaracterizes This Fraud Action as Challenging State Court Proceedings

M&T Bank Corporation fundamentally mischaracterizes this litigation, framing it as a collateral attack on foreclosure proceedings rather than a fraud action targeting *post hoc*

concealment schemes. The Complaint alleges that M&T Bank Corporation's fraudulent conduct as mortgage servicer occurred after final judgment when no judicial review of servicer conduct would have been possible; that M&T Bank Corporation systematically participated in fraudulent interest calculations, leaving diminished amounts to subordinate creditors; and that post-judgment submissions acted as a "*post hoc* concealment tool," delaying discovery of harm. Instead of denying this unlawful conduct, M&T Bank Corporation suggests harmed parties have no legal recovery.

### IV. M&T Bank Corporation's Remaining Arguments Lack Merit

M&T Bank Corporation argues that FDCPA claims fail because plaintiff was represented by counsel, that foreclosure practices aren't "consumer-oriented" under GBL § 349, that servicer conduct cannot constitute RICO predicates, and that prima facie tort requires "disinterested malevolence." These arguments ignore controlling authority and the fraud-based nature of these claims.

1. **FDCPA Claims:** False representations of mortgage amounts due violate the FDCPA even following foreclosure judgments. *Schuh v. Druckman & Sinel, L.L.P.*, 602 F. Supp. 2d 454 (S.D.N.Y. 2009). Representation by counsel does not immunize debt collectors from FDCPA violations for fraudulent debt collection practices.
2. **GBL § 349 Claims:** Systematic foreclosure practices constitute consumer-oriented conduct. *Burton v. Wells Fargo Bank, N.A.*, 738 F. Supp. 3d 272 (E.D.N.Y. 2024). The misconduct is oriented and misleading to consumers at large.
3. **RICO Claims:** Systematic submission of false documents constitutes valid RICO predicates beyond mere "litigation conduct." *Singh v. Parnes*, 199 F. Supp. 2d 152 (S.D.N.Y. 2002).
4. **Prima Facie Tort:** Systematic fraud schemes demonstrate "disinterested malevolence" with quantifiable special damages. *NYC Transit Auth. v. Morris J. Eisen, P.C.*, 276 A.D.2d 78 (1st Dep't 2000).

Given the pervasive and calculated nature of the *post hoc* fraud alleged, M&T Bank Corporation's proposed motion would be premature. Plaintiff respectfully requests that this Court deny M&T Bank Corporation's request for a pre-motion conference, or alternatively hold the request in abeyance until discovery unveils the full scope of concealment.

                                                            Respectfully submitted,

                                                            **ANDERSON, BOWMAN &**
                                                           **WALLSHEIN PLLC**

                                                           */s/ Mark S. Anderson*
                                                           Mark S. Anderson, Esq.
                                                           ***Counsel for Plaintiff***
                                                           80-02 Kew Gardens Rd, Ste. 600
                                                           Kew Gardens, NY 11415
                                                           (718) 263-6800